## MARY DUNCAN v. STATE.

No. A-8481.   March 25, 1933.
Rehearing Denied June 9, 1933.
(22 Pac. [2d] 930.)

Bruce & Jefferson, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, Mary Duncan, hereinafter called defendant, was convicted in the district court of Oklahoma county of the crime of forgery, and, after the jury failed to agree upon the punishment, the trial court fixed it at imprisonment in the state penitentiary for seven years.

Defendant was jointly charged with one Monroe Duncan, her husband, with having forged a certain instrument which affected the rights of A. L. Smith in certain real property located on lot 6, block 5, in the city of Oklahoma City. A severance was granted and the state elected to try Mary Duncan first.

The parties to the business transaction, out of which this prosecution for forgery finally arose, are all Negroes, and the instrument forming its basis is almost unintelligible. It was the contention of the state that this instrument alleged to have been forged by this defendant was one granting a five-year lease to the defendant's husband, Monroe Duncan, on the real property above described, and for that reason it was an instrument purporting to be the act of another by which a certain interest in real estate was purported to be transferred, and the crime therefore was forgery in the first degree under the first division of section 2119, St. 1931. The trial court took the state's view of the matter and in effect instructed the jury that the crime, if a crime at all, was forgery under the section above referred to. This court has carefully examined the instrument forming the basis of this prosecution and is unable to say beyond a reasonable doubt that it is such a one as purports to transfer an interest in real property within the meaning of the statute defining forgery in the first degree. However, the court is of the opinion that the instrument is one which may form the basis of a prose-

cution for forgery as defined by the second subdivision of section 2133, St. 1931, which would make the person doing such an act guilty of forgery in the second degree.

There are numerous assignments of error set out in the brief of counsel for defendant, and we have carefully considered the same in connection with the record itself, and believe that none of them are of sufficient merit to authorize this court to reverse the judgment. The verdict of the jury simply found the defendant guilty as charged, and under section 3095, St. 1931, a general verdict of guilty imports a conviction only of the offense charged in the information. The offense charged in the information, as we construe the same, is only that of forgery in the second degree.

Section 2822, C. O. S. 1921 (St. 1931, § 3206), prohibits this court from reversing a case for misdirection of the jury, unless same results in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right, while section 2820, C. O. S. 1921 (St. 1931, § 3204), gives this court broad power to modify a judgment. It would serve no good purpose to reverse the case, since on the evidence introduced by the state no honest jury could return any other verdict than that of guilty.

Under the instructions of the court, the least punishment the jury could give defendant if they found her guilty, was seven years, which is the maximum punishment for forgery in the second degree.

From a consideration of the whole record, it is apparent that the case is not one that calls for the maximum punishment, but that substantial justice will be done by reducing the punishment from imprisonment in the state

penitentiary for seven years to imprisonment in the state penitentiary for one year.

For the reasons stated, the judgment is modified and the punishment reduced from imprisonment for seven years to imprisonment for one year in the state penitentiary, and, as modified, the cause is affirmed.

DAVENPORT, J. concurs. EDWARDS, P. J., absent, not participating.